NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2010[*]
Decided December 29, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2775

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-152-C-01 |
| TIMOTHY ROBINSON, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Timothy Robinson appeals from a criminal judgment sentencing him to a mandatory minimum term of 120 months' imprisonment for distributing 153 grams of cocaine base, 21 U.S.C. § 841(a)(1). The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which was signed into law after Robinson was sentenced but during the pendency of this

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

appeal, would if applicable impose a mandatory minimum sentence of only 60 months. Robinson argues that the Act should apply retroactively and that we should remand his case for resentencing to conform with its now-operative provisions. We recently concluded that the general federal savings statute, 1 U.S.C. § 109, bars the retroactive application of the Act's reduced mandatory minimum sentences, and the Act, therefore, cannot benefit Robinson. See *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010).

Robinson raises two arguments not considered in *Bell* that merit brief discussion. The first is that the Act should apply retroactively because retroactivity would vindicate the ameliorative, equal-protection sentiments underlying the Act's sentencing amendments. But in the absence of a clear congressional mandate—and the Act says nothing about retroactivity—the savings statute applies to penalty amendments. *United States v. Stillwell*, 854 F.2d 1045, 1048 (7th Cir. 1988). Moreover, courts have long and uniformly rejected equal-protection challenges to the 100:1 crack-powder sentencing disparity. See, e.g., *United States v. Burgos*, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc); *United States v. Byse*, 28 F.3d 1165, 1168-71 (11th Cir. 1994); *United States v. Singleterry*, 29 F.3d 733, 740 (1st Cir. 1994); *United States v. Angulo-Lopez*, 7 F.3d 1506, 1508-09 (10th Cir. 1993); *United States v. Lawrence*, 951 F.2d 751, 753-56 (7th Cir. 1991).

Robinson's second, related equal-protection argument is similarly unavailing; he contends that he merits retroactive relief because he is constitutionally indistinguishable from defendants sentenced after the Act's enactment. But the case on which Robinson rests his argument, *Griffith v. Kentucky*, 479 U.S. 314 (1987), involves the retroactive application to a pending appeal of a Supreme Court decision (in that case, *Batson v. Kentucky*, 476 U.S. 79 (1986)) that established new criminal procedural rights. Robinson has offered nothing to suggest that *Griffith* applies equally to amendments to *legislation* that alter penalties but create no new rights, procedural or otherwise.

The district court's judgment is AFFIRMED.