# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2689

_____

United States of America,           *
                              *

        Appellee,         *

                              *  Appeal from the United States
      v.                  *  District Court for the
                              *  District of Nebraska.

Shawon McBride,             *

                              *    [UNPUBLISHED]

        Appellant.       *

_____

Submitted: February 14, 2011
Filed: June 8, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Shawon McBride pleaded guilty to possessing with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). McBride moved to continue his original sentencing date based upon proposed changes in the law that would lower the statutory penalties for crack cocaine offenders. The district court[1] granted McBride's first request to continue the sentencing hearing but denied his second request for a continuance. The court sentenced McBride to 60 months' imprisonment. Thereafter, the Fair Sentencing Act of 2010 (FSA) became

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

law, "which reduces the existing sentencing disparity between crack-cocaine and powder-cocaine offenses." *United States v. Orr*, 636 F.3d 944, 947 (8th Cir. 2011). McBride appeals, arguing that (1) the FSA retroactively applies to him because the mandatory minimum sentence he is serving no longer furthers a valid legislative purpose, (2) equal protection principles require retroactive application of the FSA, and (3) the district court abused its discretion in denying his second request for a continuance.

## I. *Background*

McBride entered into an agreement with the government to plead guilty to possessing with intent to distribute five or more grams of crack cocaine, in violation of §§ 841(a)(1) and (b)(1). The parties agreed that McBride should be held responsible for 20 to 35 grams of crack cocaine. At the time of McBride's offense, possessing with intent to distribute five or more grams of crack cocaine was subject to a statutory minimum sentence of five years' imprisonment and a statutory maximum sentence of 40 years' imprisonment. In his plea agreement, McBride confirmed his understanding that pleading guilty "exposed [him] to imprisonment of 5 to 40 years." The district court accepted McBride's guilty plea but deferred approval of the plea agreement pending review of the presentence report (PSR).

The PSR held McBride responsible for 24 grams of crack cocaine and calculated a base offense level of 26 under the drug-quantity table of the Sentencing Guidelines. U.S.S.G. § 2D1.1(c)(7) (2009). After applying a three-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR calculated a total offense level of 23. With a criminal history category of III, McBride's advisory Guidelines range was 57 to 71 months' imprisonment. But, in light of the five-year statutory minimum sentence applicable to McBride, his Guidelines range was effectively 60 to 71 months' imprisonment.

McBride moved to continue the original sentencing date of May 10, 2010, citing recent legislation passed by the United States Senate that would increase the threshold quantity of crack cocaine triggering a five-year statutory minimum sentence from five grams to 28 grams. McBride asserted that "if the law changes regarding the triggering drug quantity for such offenses, [he] would likely be at 0 to 20 year offense as opposed to the present 5 to 40 year offense applicable in this case." The district court granted McBride's motion, setting the new sentencing date for June 28, 2010.

On June 23, 2010, McBride moved to continue the rescheduled sentencing date for 60 days, again citing the impending change to the statutory sentencing scheme applicable to his offense. The district court denied the motion.

At sentencing, the district court accepted the plea agreement and adopted the facts and Guidelines calculations set forth in the PSR. The court stated that McBride's Guidelines range was 60 to 71 months' imprisonment. McBride's counsel agreed with the probation department and the government, per the plea agreement, that a 60-month sentence was "an appropriate sentence under the circumstances of this case." But counsel expressed his "hop[e] that ultimately Congress changes the crack cocaine guidelines and statutory mandatory minimums." Counsel informed the court that McBride would "probably take an appeal just in the hopes of keeping this case alive and hopefully getting the benefit of a law change at some point down the road." According to counsel, if Congress changed the law, such change would pose "some interesting questions" as to "whether it would be retroactive or not." Counsel asked the district court to impose a "low end sentence" of 60 months' imprisonment, and the district court did so. After McBride's sentencing, the FSA became law.

## II. *Discussion*

McBride makes three arguments on appeal. First, he argues that the FSA, which eliminated the five-year minimum sentence for offenses involving five or more, but less than 28, grams of crack, should be applied retroactively to him. McBride contends

that the pre-FSA sentencing scheme to which he is subject no longer "furthers any legislative purpose" and "is at odds with a changed constitutional landscape." Second, he asserts that the general savings statute, 1 U.S.C. § 109, "must be interpreted consistent with the Equal Protection directive that all persons similarly situated should be treated alike" and that this directive requires applying ameliorative changes in sentencing law that decrease punishment to all cases pending on direct appeal. Finally, McBride contends that the district court abused its discretion in denying his second motion for a continuance so that he could receive the benefit of an imminent change in the law regarding the crack cocaine quantities.

Our precedent forecloses McBride's argument that the Fair Sentencing Act applies retroactively. *See, e.g.*, *Orr*, 636 F.3d at 958 ("Thus, as we have previously recognized, Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses Orr's argument for retroactive application.") (citing *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010) ("[B]ecause the Fair Sentencing Act contains no express statement that it is retroactive, . . . the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.")).

And, as to McBride's argument that the Equal Protection Clause requires retroactive application of the Fair Sentencing Act, the Seventh Circuit recently explained:

> [I]n the absence of a clear congressional mandate—and the Act says nothing about retroactivity—the savings statute applies to penalty amendments. *United States v. Stillwell*, 854 F.2d 1045, 1048 (7th Cir. 1988). Moreover, courts have long and uniformly rejected equal-protection challenges to the 100:1 crack-powder sentencing disparity. *See, e.g.*, *United States v. Burgos*, 94 F.3d 849, 876–77 (4th Cir. 1996) (en banc); *United States v. Byse*, 28 F.3d 1165, 1168–71 (11th Cir. 1994); *United States v. Singleterry*, 29 F.3d 733, 740 (1st Cir. 1994);

-4-

*United States v. Angulo-Lopez*, 7 F.3d 1506,1508–09 (10th Cir. 1993); *United States v. Lawrence*, 951 F.2d 751, 753–56 (7th Cir. 1991).

*United States v. Robinson*, 405 F. App'x 72, 73 (7th Cir. 2010) (unpublished order).

In *Robinson*, the Seventh Circuit also rejected the defendant's "second, related equal-protection argument . . . that he merits retroactive relief because he is constitutionally indistinguishable from defendants sentenced after the Act's enactment." *Id.* In that case, the defendant, like McBride, based his argument primarily on *Griffith v. Kentucky*, 479 U.S. 314 (1987). *Id.* The Seventh Circuit found *Griffith* inapposite, explaining that *Griffith*

> involves the retroactive application to a pending appeal of a Supreme Court decision (in that case, *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)) that established new criminal procedural rights. [The defendant] has offered nothing to suggest that *Griffith* applies equally to amendments to *legislation* that alter penalties but create no new rights, procedural or otherwise.

*Id.*

Like the Seventh Circuit in *Robinson*, we reject McBride's equal-protection arguments.

Finally, we hold that the district court did not err in denying McBride's second "motion to continue sentencing until Congress acted on pending legislation that would reduce the sentencing disparity between crack and powder cocaine offenses." *United States v. Spires*, 628 F.3d 1049, 1055 (8th Cir. 2011).

> Even assuming the district court erred when it denied [McBride's] motion for a continuance, [McBride] cannot show prejudice. Although Congress did in fact pass the Fair Sentencing Act of 2010, Pub. L.

-5-

111-220, 124 Stat. 2372 (Aug. 3, 2010) after [McBride's] sentencing, the Act is not retroactive and [McBride] is thus subject to the penalties in place at the time he committed the crimes at issue in this case.

*Id.*

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____