# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1653

_____

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Nebraska.
Solomon B. Hawthorne,      *
     *    [UNPUBLISHED]
     Defendant - Appellant.      *

_____

Submitted: February 15, 2011
Filed: April 5, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Solomon Ben Hawthorne appeals the district court's[1] denial of a sentencing continuance and his 168-month prison sentence. He also seeks a remand for resentencing. Having jurisdiction under 28 U.S.C. § 1291, we affirm and deny a remand.

On August 14, 2009, Hawthorne pled guilty to conspiracy to distribute, and aiding and abetting the distribution of, 50 or more grams of cocaine base ("crack").

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

*See* 21 U.S.C. §§ 841(b)(1), 846 (2006); 18 U.S.C. § 2 (2006). At the time, this carried a mandatory minimum ten-year prison sentence. However, Congress was considering reforms, which later became law. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) (changing drug quantity that triggers a ten-year mandatory minimum sentence from 50 grams of crack to 280 grams). Aware of the pending legislation, Hawthorne requested three continuances of his sentencing hearing. The district court granted the first two requests but denied the third. It also denied a downward variance based on the United States Sentencing Guidelines' higher penalties for crack compared to powder cocaine. Applying a two-level weapon enhancement and a two-level downward adjustment for acceptance of responsibility, the court arrived at a total offense level of 36. With Hawthorne's Category I criminal history, the Guidelines range was 188-235 months. The court varied downward to account for lack of a government motion for an additional acceptance-of-responsibility point, and sentenced Hawthorne to 168 months' imprisonment.

Hawthorne appealed to this court. He also moved for an indicative ruling under Fed. R. App. P. 12.1. The motion centered on the district judge's recent change in applying the crack Guidelines, which would have reduced Hawthorne's base offense by two levels. The district court denied an indicative ruling, but stated that the motion raised a substantial issue, and that if this court remanded the case and said the district court had jurisdiction, it would apply its new crack sentencing approach. This court denied Hawthorne's two remand motions. *See* Order, No. 10-1653 (8th Cir. Oct. 1, 2010); Order, No. 10-1653 (8th Cir. July 8, 2010).

Hawthorne now challenges the denial of the third continuance, which he hoped would lead to a lower sentence. "'We will reverse a district court's denial of a continuance only if the court abused its discretion *and* the moving party was prejudiced as a result.'" *United States v. Snelson*, 555 F.3d 681, 686 (8th Cir. 2009) (quoting *United States v. Chahia*, 544 F.3d 890, 896 (8th Cir. 2008)) (emphasis in

*Chahia*; footnote omitted).  Even had Hawthorne received a continuance until the Fair Sentencing Act became law, it does not apply retroactively to pending cases.  *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010).  Assuming without deciding that Hawthorne can show prejudice based on the district judge's change in crack sentencing, there was no abuse of discretion.  "'Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason.'"  *Snelson*, 555 F.3d at 686 (quoting *United States v. Cotroneo*, 89 F.3d 510, 514 (8th Cir. 1996)).  The district court gave Hawthorne two continuances.  Even had it granted a third, Hawthorne's benefit would come from a sentencing approach that exists as a matter of district court discretion.  Hawthorne has not demonstrated a compelling reason for another continuance.

Hawthorne also challenges the reasonableness of his sentence, which we review for abuse of discretion.  *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "We 'must first ensure that the district court committed no significant procedural error.'"  *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  We then proceed to substantive reasonableness.  *Id.*  "[S]ubstantive appellate review in sentencing cases is narrow and deferential."  *Id.* at 464 (quotation marks and citation omitted).  A "sentence below or within the Guidelines range is presumptively reasonable on appeal."  *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008) (citation omitted).

Our own review of the record reveals no significant procedural error.  As to substance, Hawthorne received a sentence below the Guidelines range.  He nonetheless contends that the district court abused its discretion by not varying further downward based on the crack-to-powder Guidelines disparity.  "While a district court does not abuse its discretion when it does consider the crack/cocaine disparity in sentencing, it is not required to do so." *United States v. Lewis*, 593 F.3d 765, 773 (8th Cir. 2010).  The court discussed the issue at length on the record and ultimately decided to adhere to the Guidelines; this was not an abuse of discretion.  *See id.*

Hawthorne also claims the district court treated the Guidelines as mandatory and its decision reflects an "absence of careful consideration of § 3553(a) factors." The record proves the opposite. The district court discussed its reasoning in detail, particularly regarding unwarranted disparity. In pronouncing sentence, the court mentioned § 3553(a) factors and recognized the Guidelines as advisory. Hawthorne's sentence is substantively reasonable.

Hawthorne's third point asks for a remand to the district court "to protect against manifest injustice." It is unclear whether he bases this request on the district court's indicative ruling order, or whether he argues that the Fair Sentencing Act is retroactive. As noted, the Fair Sentencing Act is not retroactive. *Brewer*, 624 F.3d at 909 n.7. On the indicative ruling issue, this court has denied a remand twice, and Hawthorne presents no new reasons for a remand now.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed, and the request for a remand is denied.

_____