# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 10-3404

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert Q. Woods, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2011
Filed: June 20, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

Robert Q. Woods pled guilty to two counts of distributing, and one count of manufacturing, a mixture or substance containing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The district court[1] sentenced Woods to concurrent 121-month terms of imprisonment. Woods appeals, arguing the district court erred in (1) denying his motion to continue his sentencing until after the United States Sentencing Guidelines (U.S.S.G. or Guidelines) were amended to conform to the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3,

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

2010), (2) failing to sentence him in accordance with the FSA or, alternatively, to vary downward based on the FSA, and (3) improperly considering the factors set forth in 18 U.S.C. § 3553(a). We affirm.

## I.    BACKGROUND

On November 10, 2009, a grand jury returned an indictment charging Woods with four counts of violating 21 U.S.C. § 841(a)(1), each punishable under § 841(b)(1). Count I charged Woods with distributing a mixture or substance containing crack cocaine on or about August 19, 2009. Counts II, III, and IV charged Woods with distributing, manufacturing, and possessing with intent to distribute, respectively, five grams of a mixture or substance containing crack cocaine on or about August 25, 2009.

On April 19, 2010, Woods pled guilty to Counts I, II, and III pursuant to a written plea agreement. The government later moved to dismiss Count IV and requested leave to withdraw its Information and Notice of Enhanced Sentence filed pursuant to 21 U.S.C. § 851.[2] At the close of the plea hearing, the district court set Woods's sentencing for July 20, 2010 (later reset to July 19, 2010), and ordered a presentence investigation report (PSR). The PSR indicated Woods was responsible for at least 172.87 grams of crack cocaine. Based on the 2009 edition of the Guidelines, the PSR calculated Woods's advisory Guidelines range at 135 to 168 months (level 30, category IV).

On July 16, 2010, Woods moved to continue the July 19, 2010 sentencing hearing "to afford counsel the reasonable time necessary to complete his investigation and prepare his defense." The district court granted Woods's motion and reset the

---

[2]The notice had advised Woods he was subject to a mandatory minimum 120 months imprisonment for Counts II, III, and IV based on a 2004 federal drug conviction. See § 841(b)(1)(B).

hearing for September 1, 2010. On August 26, 2010, Woods again moved to continue the hearing, this time from September 1, 2010 "until after November 3 in order that he might receive the benefit of any amendments to the [Guidelines] and any other sentencing provisions impacted by [the FSA]." The district court reset Woods's sentencing for October 19, 2010.

The FSA, which became effective August 3, 2010, increased the threshold quantities of crack cocaine necessary to trigger the five-year mandatory minimum for possession and the ten-year mandatory minimum for distribution from 50 grams to 280 grams under 21 U.S.C. § 841(b)(1). See FSA § 2. The FSA directed the United States Sentencing Commission to promulgate conforming Guidelines and amendments "as soon as practicable, and in any event not later than [November 1, 2010]." Id. § 8. As directed, on October 15, 2010, the commission promulgated a "temporary, emergency amendment to" the Guidelines for crack-cocaine offenses, including U.S.S.G. § 2D1.1, which applies to unlawful manufacturing and trafficking of crack. The amendments to § 2D1.1(c)'s drug-quantity table reduced the base offense levels for certain quantities of crack cocaine. The amendments were not effective until November 1, 2010.

At the beginning of his sentencing hearing on October 19, 2010, Woods withdrew his objections to the PSR. Woods acknowledged "the [G]uidelines that are currently in effect are stated accurately in the [PSR]," but stressed the advisory nature of the Guidelines and requested the district court "apply the benefit of the [FSA] to Mr. Woods's case" "to eliminate this disparity between powder and crack cocaine." Extolling Woods's intelligence and the "positive changes in [his] life," Woods's counsel claimed "all factors indicate that [he] is the ideal candidate for a downward variance."

In response, the government focused on Woods's extensive criminal history, starting in 2002 with resisting arrest and assaulting an officer, and challenged Woods's

claims of positive change with details of ongoing drug use. Because Woods withdrew his objections to the PSR, the government recommended an additional adjustment for acceptance of responsibility, which reduced Woods's offense level to 29 and resulted in an advisory Guidelines range of 121 to 151 months. The government argued in favor of a sentence at the high end of the range. The government advised the district court that, despite Woods's prior felony drug conviction, the government would withdraw its notice of enhanced sentence because Woods's advisory Guidelines range exceeded the mandatory minimum. The government maintained the 120-month mandatory minimum "reflect[ed] the type of sentence that Congress believes should be imposed."

The district court then questioned the probation officer about the potential effect of the FSA on Woods's Guidelines range. Highlighting the uncertainty still surrounding the FSA and the conforming Guidelines amendments, the officer explained the commission had published two alternative amended tables for crack cocaine. The officer attempted to calculate Woods's hypothetical range under each table, but miscalculated. The officer incorrectly advised the district court Woods's range would be either 70 to 87 months or 100 to 125 months. "Splitting the difference," the officer stated "[Woods] ends up with a guideline provision range of 84 to 105 months."

Woods's actual Guidelines ranges under the alternative proposed tables were 70 to 87 and 84 to 105 months. Under the amended version of U.S.S.G. § 2D1.1, effective November 1, 2010, Woods would have had an advisory range of 84 to 105 months (level 25, category IV).

After considering the parties' arguments and the provisions of 18 U.S.C. § 3553(a), the district court imposed concurrent sentences of 121 months imprisonment for each of Counts I, II and III. Woods appeals.

## II. DISCUSSION

### A. Motion to Continue

Woods contends the district court abused its discretion in denying his request for a continuance until after November 3, 2010, to allow him the benefit of the FSA and the Guidelines amendments. "We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial." United States v. Howard, 540 F.3d 905, 907 (8th Cir. 2008) (quoting United States v. Hyles, 479 F.3d 958, 967 (8th Cir. 2007)). "Continuances are generally disfavored and are not granted without a compelling reason." Id.

We have held the FSA is not retroactive. See United States v. Smith, 632 F.3d 1043, 1047-49 (8th Cir. 2011) (concluding "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed") (quoting United States v. Brewer, 624 F.3d 900, 909-10 n.7 (8th Cir. 2010) (internal quotation marks omitted)); United States v. McBride, No. 10-2689, 2011 WL 2206725, at *2 (8th Cir. June 8, 2011) (unpub. per curiam). But even if we assume Woods can show prejudice, Woods fails to provide any support for his contention the district court abused its discretion in denying his motion. See id. at *3 (holding the district court did not abuse its discretion in denying a second continuance until Congress acted on the FSA, and, assuming error, no prejudice exists because the FSA is not retroactive); United States v. Hawthorne, No. 10-1653, 2011 WL 1237618, at *1 (8th Cir. Apr. 5, 2011) (unpub. per curiam) (explaining the district court did not abuse its discretion in denying the defendant's third motion for continuance "until the [FSA] became law" despite the defendant's hope the FSA would lead to a lower sentence).

In essence, Woods argues a district court abuses its discretion unless it suspends all sentencing upon the enactment of potentially favorable legislation or Guidelines amendments until the changes are fully effective and all the details become known.

Woods's contention is untenable. Woods may believe he had good reason to delay, but his desire to postpone his sentencing further does not compel the district court to grant his request. Woods committed his crimes in August 2009 and pled guilty in April 2010. At Woods's request, the district court granted continuances totaling three months. It was within the district court's discretion to deny Woods's request to delay imposing his sentence any further.

### B. Downward Variance

Woods next argues the district court (1) relied on "incorrect or inaccurate" statements from the government and the probation office regarding the FSA and the prospective amendments to the Guidelines, and (2) abused its discretion in denying Woods's request for a downward variance based on those statements. The government admits some inaccuracies and contests others, but then asserts none of the misstatements, made without any objection from Woods, constitute plain error. We agree.

> To show plain error, [Woods] must establish (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [Woods's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Vanover, 630 F.3d 1108, 1119 (8th Cir. 2011) (per curiam) (quoting United States v. Marcus, 560 U.S. ___, ___, 130 S. Ct. 2159, 2164 (2010) (internal marks omitted and formatting altered)). Having reviewed the record, we conclude none of the challenged statements materially influenced the district court's denial of Woods's request for a downward variance or otherwise affected Woods's substantial rights. The information presented to the district court through the PSR, hearing testimony, and arguments sufficiently apprised the district court of the effect of the FSA and the impending Guidelines amendments.

A district court has discretion to vary from the Guidelines based on the disparity between crack and powder cocaine sentences, but the district court does not "act[] unreasonably, abuse[] its discretion, or otherwise commit[] error if it does not." United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) (explaining Kimbrough v. United States, 552 U.S. 85, 91, 96-99 (2007)). The enactment of the FSA did not remove that discretion. See United States v. Payton, 636 F.3d 1027, 1049 (8th Cir. 2011) (concluding the district court's refusal to vary downward "based on the crack/powder disparity" after enactment of the FSA "was well within its discretion") (quoting Brewer, 624 F.3d at 909). The district court did not abuse its broad sentencing discretion in rejecting Wood's request to vary downward.[3]

## C.    Section 3553(a)

Woods asserts the district court did not properly consider the 18 U.S.C. § 3553(a) factors and failed to articulate a reasoned basis for his sentence. "[Woods] did not object at sentencing to the adequacy of the district court's explanation or consideration of § 3553(a), so we review his objection on appeal for plain error." United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008). "To properly analyze the relevant sentencing factors, a district court . . . must set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (internal marks omitted)).

We are satisfied on this record that the district court duly considered the 18 U.S.C. § 3553(a) sentencing factors and the parties' respective arguments before sentencing Woods at the bottom of his advisory Guidelines range. The district court's

_____

[3]To the extent Woods challenges the substantive reasonableness of his sentence, he falls short of overcoming the presumption of reasonableness we afford his Guidelines sentence. See United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009).

detailed rejection of Woods's crack/powder sentencing disparity argument and its thorough discussion of the other sentencing factors adequately explained Woods's Guidelines sentence.

## III.     CONCLUSION

We affirm.

_____