BRIGHT, Circuit Judge,
dissenting.
For the reasons set forth in my dissenting opinion in United States v. Lawin, No. 14-2577, 779 F.3d 780, 782, 2015 WL 921093 (8th Cir.2015) (Bright, J., dissenting), I would neither affirm nor reverse this case. As a practical matter, the issue on appeal is moot. Since Riehl was sentenced on May 8, 2014, the reduction in the base offense levels for most drug quantity offenses under U.S.S.G. § 2D1.1 (Amendment 782) has become effective and retroactive. See U.S.S.G. § lB1.10(d) and (e)(1); United States v. Thomas, No. 14-3801, 2014 WL 7359580, at *1 (8th Cir. Dec. 29, 2014). Therefore, Riehl is entitled to the relief he now seeks (the benefit of the Amendment) regardless of the outcome of this appeal. See 18 U.S.C. *780 § 3582(c)(2). Consistent with our precedent, we should remand with instructions for the district court to consider whether Riehl is entitled to a sentence reduction in light of Amendment 782.[1]

. As far as the dissent is concerned, the only relief to which Riehl is entitled on remand is a consideration under 18 U.S.C. § 3582(c)(2) by the district court of whether his sentence should be reduced in light of Amendment 782. This judge appreciates the majority calling attention to the fact that Riehl is now entitled to such consideration. The majority recognizes that this consideration can be immediate on a timely motion.