*781 PER CURIAM.
Adam Lawin pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The district court[1] sentenced him to 147 months’ imprisonment and 5 years’ supervised release. Lawin argues the district court erred in denying his motion for a downward variance and in denying his request to continue the sentencing hearing. We affirm.
In early 2012, Lawin began to purchase and distribute 3,4-methylenedioxymeth-amphetamine, also known as MDMA or ecstasy. The government charged him with one count of conspiring to distribute a controlled substance and one count of possessing with intent to distribute a controlled substance. In February 2014, Lawin pleaded guilty to the conspiracy count pursuant to a plea agreement. The district court calculated Lawin’s sentencing guidelines range to be 135 to 168 months and sentenced him to 147 months’ imprisonment. Before the sentencing hearing on June 19, 2014, both parties asked the court to vary downward by two levels in anticipation of Amendment 782 to the United States Sentencing Guidelines.[2] At the sentencing hearing, the district court recognized it had the authority to vary downward but declined to do so, explaining the then-proposed amendment was not guaranteed to take effect.
On appeal, Lawin argues the district court erred in denying the motion to vary downward by two levels from the correctly calculated guidelines range in anticipation of Amendment 782. Our case law on this issue is clear: “[T]he district court was not required to consider the pending guidelines amendment. Consideration of the pending amendment is merely permissible, not required.” United States v. Allebach, 526 F.3d 385, 389 (8th Cir.2008); United States v. Davis, 276 Fed.Appx. 527, 528 (8th Cir.2008) (rejecting the argument that “the district court imposed an unreasonable sentence because it failed to consider a proposed amendment to the Guidelines that would have lowered the advisory Guidelines imprisonment range”); United States v. Harris, 74 F.3d 1244 (8th Cir.1996). The district court considered and rejected prospectively applying Amendment 782. It did not err in so doing. Without any supporting authority, the dissent attempts to distinguish our case law on the basis that this case involves a different amendment and states that “[t]he applicability of the cases [above] ... may be questionable.” However, our holdings were not limited to any specific amendment. Moreover, they follow the firmly-established principle that the court must apply the Sentencing Guidelines in effect at the time of sentencing unless doing so would violate the ex post facto clause of the United States Constitution. See, e.g., United States v. Adams, 509 F.3d 929, 932 n. 4 (8th Cir.2007).
Lawin also argues the district court erred in denying his request to continue the sentencing hearing until after November 1, 2014. ‘We will' reverse a district court’s decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced *782 by the denial.” United States v. Woods, 642 F.3d 640, 644 (8th Cir.2011) (internal quotation marks omitted). Lawin argues the denial of the continuance prejudiced him because it deprived him of the benefit of Amendment 782, but he fails to articulate how the court abused its discretion in denying the continuance. We find no abuse' of discretion. See id. at 644-45 (rejecting appellant’s argument that the district court abused its discretion in denying his motion for a continuance until an amendment to the Guidelines took effect); United States v. McBride, 426 Fed.Appx. 471, 474 (8th Cir.2011); United States v. Scallion, 83 F.3d 425 (8th Cir.1996).
To address the dissent’s concern, we note that Lawin has not been deprived of the opportunity to pursue the benefit of Amendment 782. See 18 U.S.C. § 3582(c)(2) (“[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.”). The dissent believes the opportunity to pursue relief under § 3582(c)(2) renders the issues on appeal moot because Lawin is “entitled to the relief he now seeks regardless of the outcome of this appeal.” However, Lawin has neither received the relief he seeks in this appeal nor is he guaranteed to receive it under § 3582(c)(2). See United States v. Hasan, 245 F.3d 682, 684 (8th Cir.2001) (en banc) (“[T]he district court retains the discretion to determine whether to resen-tence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded.”). Moreover, whether Lawin is entitled to a reduction in his sentence based on § 3582(c)(2) is a separate question from whether the district court erred in denying his motions.
Finally, the dissent asserts remand is appropriate so as not to “delay any further the remedy that Lawin deserves.” However, it acknowledges “the district court may immediately hold a hearing to rule on Lawin’s eligibility for a sentence reduction and determine that reduction.” We do not believe our holding causes any delay or deprives Lawin of a benefit he may be entitled to, nor do we perceive any material benefit in remanding. Cf. United States v. Yanez-Estrada, No. 14-2989, 2015 WL 508862, at *1 (8th Cir. Feb. 9, 2015) (“This court notes that any claim for a sentence reduction based on Guidelines Amendment 782 ... should be raised in a sentence-reduction motion filed in the district court.”); United States v. Hayden, 775 F.3d 847, 850 (7th Cir.2014) (“[Appellant] may ask the district court for a sentence reduction based on Amendment 782 ... but he has not yet done so and we do not consider that argument here.”); United States v. Ergonis, 587 Fed.Appx. 431, 432 (9th Cir.2014) (“Any motion respecting the applicability of Amendment 782 to the Guidelines should be brought in the sentencing court in the first instance.”); United States v. Moreno, No. 13-41019, 2015 WL 394450, at *2 (5th Cir. Jan. 30, 2015).
Accordingly, we affirm.

. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

. Amendment 782 became effective November 1, 2014, and applies retroactively to reduce most drug quantity base offense levels by two levels. See United States v. Thomas, 775 F.3d 982, 982 (8th Cir.2014).