[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11000
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00074-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 20, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Abel Diaz, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  On appeal, Diaz avers that (1) the district court abused its discretion in denying his § 3582(c)(2) motion; (2) the district court abused its discretion by not appointing counsel or granting a hearing; and (3) his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).  However, after reviewing the record and considering the parties' briefs, we conclude that Diaz has raised no arguments that entitle him to relief.  Therefore, we affirm.

## I.

In 2000, a jury found Diaz guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), 846 (Count One); using, carrying, and possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three); and conspiracy to use, carry, and possess a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(o) (Count Four).

At sentencing, on November 3, 2000, the district court grouped Counts One and Four, and excluded Count Three—which carried a mandatory consecutive sentence of 60 months—from grouping.  Among other enhancements, Diaz received a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because a firearm was possessed during the offense.  Based on a total offense level of 40 and

2

a criminal history category of VI, Diaz's advisory guideline range for Counts One and Four was 360 months to life imprisonment. The district court sentenced Diaz to life imprisonment as to Count One and 240 months' imprisonment as to Count Four, the terms to run concurrently, to be followed by a consecutive sentence of 60 months' imprisonment as to Count Three.

We affirmed Diaz's convictions and sentences on direct appeal. We held that, while the district court erred in imposing the two-level enhancement for possession of a firearm, the error did not affect Diaz's substantial rights because his sentence would have been the same without the enhancement. We also held that the district court did not commit any plain error in violation of *Apprendi*, 530 U.S. 466, 120 S. Ct. 2348.

In 2008, the government filed a motion to reduce Diaz's sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, based on Diaz's substantial assistance in the prosecution of others. The district court granted the motion and reduced Diaz's sentence as to Count One to 360 months' imprisonment, while leaving his sentences as to Counts Three and Four in place.

In 2014, Diaz moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 599 and 782 to the Sentencing Guidelines. The district court denied the motion, stating that it had considered Diaz's motion and taken into account the policy statement set forth at U.S.S.G. § 1B1.10 and the relevant

3

sentencing factors set forth in 18 U.S.C. § 3553(a). The court also noted that, although Diaz was eligible for a reduction under the Sentencing Guidelines, the court was exercising its discretion and denying him a reduction, as his crimes were serious and he had shown no remorse. The court also denied Diaz's requests for the appointment of counsel and an evidentiary hearing. This appeal ensued.

## II.

Where a defendant is eligible for a sentence reduction under § 3582(c)(2), we review a district court's decision to deny a sentence reduction for an abuse of discretion. *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008) (per curiam). We also review a district court's decision not to appoint counsel and its denial of an evidentiary hearing for an abuse of discretion. *United States v. Webb*, 565 F.3d 789, 793–94 (11th Cir. 2009) (per curiam) (appointment of counsel); *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996) (evidentiary hearing).

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(1). Amendments 599 and 782 to the Sentencing Guidelines

4

are listed in § 1B1.10(d).  *Id.* § 1B1.10(d).  Amendment 782 reduced by two levels the base offense levels that apply to offenses involving cocaine.  *Id.* App. C, amend. 782.  Amendment 599, which took effect on November 1, 2000, provides, in pertinent part, that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a drug trafficking offense, he cannot also receive a base offense level enhancement in the underlying offense for his possession of a firearm during the commission of that offense.  *Id.* App. C, amend. 599.

A district court follows a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence by substituting the amended guideline range for the originally applied guideline range.  *Id.*  At this step, "[a]ll other guideline application decisions made during the original sentencing remain intact."  *Id.* (internal quotation marks omitted).  Second, the court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range.  *Id.* at 781.  At this step, the district court must consider the sentencing factors listed in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger to the community posed by a reduction.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam); U.S.S.G. § 1B1.10 cmt. n.1(B).

5

**III.**

Here, the district court did not abuse its discretion in denying Diaz's motion for a sentence reduction, nor did it abuse its discretion in doing so without holding an evidentiary hearing or appointing counsel.

First, the court correctly concluded that Diaz was in fact eligible for a reduction under § 3582(c)(2). *See Bravo*, 203 F.3d at 780. Diaz's amended guideline range (excluding his mandatory consecutive sentence as to Count Three) was 324 to 405 months. The starting offense level for applying Amendment 782 and calculating the amended guideline range was 38, as Diaz received the benefit of Amendment 599 when we held on direct appeal that his offense level should have been 38 instead of 40, and Amendment 599 did not lower Diaz's guideline range subsequent to his original sentencing. Amendment 782 reduced Diaz's offense level by 2 levels, from 38 to 36, which, when combined with a criminal history category of VI, produced an amended guideline range of 324 to 405 months.

Second, in exercising its discretion to deny Diaz's motion in spite of his eligibility for a reduction, the court considered the appropriate factors under 18 U.S.C. § 3553(a) and the commentary to U.S.S.G. § 1B1.10, and those factors

6

supported the court's denial.[1] *See Bravo*, 203 F.3d at 781; *Williams*, 557 F.3d at 1256. Diaz's offense was serious, and he failed to show remorse for it at his original sentencing. While Diaz emphasizes his rehabilitative efforts while incarcerated, the district court was not required to consider his post-conviction conduct in ruling on his motion. *See Williams*, 557 F.3d at 1256; *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998); U.S.S.G. § 1B1.10 cmt. n.1(B). Instead, the district court is required to consider the sentencing factors listed in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger to the community posed by a reduction. *See Williams*, 557 F.3d at 1256. Here, the record demonstrates that the district court took the pertinent factors into account, given the court's statements regarding the seriousness of the offense and Diaz's failure to show remorse, as well as its statement that it had considered Diaz's motion, the § 3553(a) factors, and the commentary to U.S.S.G. § 1B1.10. *See id.*

Next, the district court did not abuse its discretion in denying Diaz's motion without appointing him counsel or holding an evidentiary hearing. We have held that there is no statutory or constitutional right to counsel for § 3582(c)(2) motions. *See Webb*, 565 F.3d at 794–95. The issue before the court was not particularly complex, and the court denied Diaz's request based on the seriousness of his

---

[1] The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3353(a)(1), (2)(A)–(B).

offense and his failure to show remorse—factors that the court had considered when it originally sentenced him. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam) (finding that a district court does not abuse its discretion in denying a defendant's post-conviction motion for the appointment of counsel where the issue presented in the motion is narrow and not complex).

Finally, although Diaz claims that his sentence was unconstitutional under *Apprendi*, he could not bring an *Apprendi* claim in his § 3582(c)(2) motion: we rejected his *Apprendi* claim on direct appeal,[2] and such a claim is outside the scope of proceedings authorized by § 3582(c)(2). *See Stoufflet v. United States*, 757 F.3d 1236, 1240 (11th Cir. 2014) (noting that "the law-of-the-case doctrine bars re-litigation of issues that a court necessarily or by implication decided against the litigant in an earlier appeal"); *United States v. Jackson*, 613 F.3d 1305, 1310 (11th Cir. 2010) (per curiam) (noting that the discretion afforded to a district court to reduce a sentence under § 3582(c)(2) "does not authorize a reduction in any other component of the sentence" (internal quotation marks omitted)).

## IV.

Accordingly, having considered the record on appeal and the arguments of the parties, we affirm the district court.

**AFFIRMED.**

---

[2] *See United States v. Diaz*, Case No. 00-16413, slip op. at 16–18 (11th Cir. Feb. 4, 2002).