# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-4563

———————————————

United States of America

*Plaintiff - Appellant*

v.

Keith Bradford

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————

Submitted: August 1, 2017
Filed: September 13, 2017
[Unpublished]

—————————

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

—————————

PER CURIAM.

Keith Bradford pleaded guilty to conspiring to possess and distribute heroin in 2012. The district court[1] determined that Bradford's advisory guidelines sentencing

———————————————

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

range was 151 to 188 months, granted the government's motion for a substantial assistance downward departure, and sentenced him to 100 months in prison and five years supervised release. After Sentencing Guidelines Amendment 782 lowered his advisory range to 130 to 162 months in prison, Bradford moved for a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2), urging a reduction proportional to the court's initial substantial assistance departure. The government agreed that Bradford is eligible for a § 3582(c)(2) reduction but opposed a reduction given his post-plea conduct in prison, the nature of his criminal history, and the fact that he had already benefitted from a substantial assistance reduction. The district court agreed that Bradford is eligible for a reduction "comparably less than the amended guideline range," but exercised its discretion and denied Bradford's motion, "taking into account the policy statements set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."

Bradford appealed, arguing the district court abused its discretion by failing to list the reasons for its decision. See United States v. Grant, 703 F.3d 427 (8th Cir. 2013). We granted the government's unopposed motion to remand "for the limited purpose of allowing the district court an opportunity to set forth its reasons for denying Bradford's motion for sentence reduction." One week later, the district court forwarded its statement of reasons for denying a reduction to this court. We then granted Bradford's motion to file a substitute appellate brief in which he argues that the district court abused its discretion by considering "factors that accrued prior to the original sentencing," contrary to Dillon v. United States, 560 U.S. 817 (2010). Concluding that the district court did not abuse its § 3582(c)(2) discretion, we affirm.

Section 3582(c)(2) provides "a rare exception to the finality of criminal judgments." United States v. Koons, 850 F.3d 973, 976 (8th Cir. 2017). It permits a district court to reduce a defendant's term of imprisonment that was "based on" a sentencing range subsequently lowered by a retroactive guidelines amendment listed in U.S.S.G. § 1B1.10(d), such as Amendment 782, "after considering the factors set

forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In Dillon, the Supreme Court held that a § 3582(c)(2) proceeding does not permit a district court to re-sentence the defendant. Rather, Congress authorized "a limited adjustment to an otherwise final sentence" in which the court must "follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." 560 U.S. at 826-27. The court may then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. at 826. Because Bradford received a substantial assistance reduction that lowered his sentence below the initial guidelines range, he is eligible for "a reduction comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B).

To determine if an authorized reduction is warranted, the district court "shall consider the factors set forth in 18 U.S.C. § 3553(a)" and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 comment. (n.1(B)(i)-(ii)). The court may also consider the defendant's post-sentencing conduct. Id. at (iii). Here, the district court's statement of reasons for denying a sentence reduction explained:

> Mr. Bradford has more than adequately benefitted from any reasonable consideration in relation to his cooperation with the United States. He received a sentence that is 30 months below the range of punishment resulting from [Amendment 782]. Mr. Bradford has 14 prior convictions including convictions for aggravated battery, domestic assault second degree, assault third degree, domestic assault, and three controlled substance offenses.

The Amendment, Amendment 782, merely provides a basis upon which to determine whether one incarcerated under the Bureau of Prisons is eligible for sentence reduction. It does not provide a fiat of entitlement. . . . District Courts must consider the factors set forth in 18 U.S.C. § 3553(a). Factors considered here by the Court are danger to the community by reducing Mr. Bradford's sentence and post-sentencing conduct after imposition of the original term of imprisonment. The latter consideration reflects Bradford was terminated from the [Residential Drug Abuse Program], has continued violent behavior by fighting with other prisoners, and has maintained drugs and/or alcohol in his possession. In addition, a number of his convictions, referenced earlier, were committed while on supervision for other offenses.

Bradford argues that the district court's consideration of pre-sentencing behavior, specifically, that "a number of his convictions . . . were committed while on supervision for other offenses," abused the court's discretion under Dillon because it "transformed this proceeding into a plenary resentencing." This contention is contrary to our governing precedents. See United States v. Boyd, 835 F.3d 791, 792-93 (8th Cir. 2016); United States v. Thompson, 641 F. App'x 641, 650 (8th Cir. 2016) (unpublished) ("The district court has substantial latitude . . . and chose to give more weight to the aggravating factors of recidivism and Thompson's criminal history.") (quotation omitted); accord United States v. Jones, 846 F.3d 366, 371-72 (D.C. Cir. 2017); United States v. Dunn, 728 F.3d 1151, 1159-60 (9th Cir. 2013); United States v. Osborn, 679 F.3d 1193, 1196 (10th Cir. 2012). The fact that Bradford committed multiple prior offenses while on supervision for other crimes is relevant to the sentencing factors enumerated in 18 U.S.C. § 3553(a) (1) and (2), and the § 1B1.10 commentary states that the court "shall consider" those factors in determining whether a § 3582(c)(2) reduction is warranted.

"There is nothing illogical about a district court concluding that the broadly stated § 3553(a) sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guidelines determinants, here, drug quantity, has been

-4-

amended." <u>United States v. Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016). As in <u>Jones</u>, the district court has fully explained its reasons for reaching that conclusion in this case, and our review of the sentence reveals no abuse of the court's wide discretion.

The Order of the district court denying Bradford's motion for sentence reduction is affirmed. We deny as moot the parties' requests that we enter a revised scheduling order.

_____