# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1853

_____

United States of America

*Plaintiff - Appellee*

v.

Frank Russell McCoy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 18, 2016
Filed: January 31, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and EBINGER,[1] District
Judge.

_____

BENTON, Circuit Judge.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa, sitting by designation.

A jury found Frank R. McCoy guilty of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The district court[2] sentenced him to 121 months' imprisonment. He appeals the conviction and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

McCoy wrote, posted, and emailed links to stories about the rape, torture, and murder of children. He was convicted of transporting obscene matters, in violation of 18 U.S.C. § 1462, and sentenced to 18 months' imprisonment and two years' supervised release. The Eleventh Circuit affirmed the conviction. *United States v. McCoy*, 602 Fed. Appx. 501 (11th Cir.), *cert. denied*, 136 S. Ct. 122 (2015). The conditions of release, proposed by McCoy, required random inspections of his internet and email.

By the conditions of release, U.S. Probation Officers Timothy Norgren and Lisa Martinetto inspected McCoy's house. Officer Martinetto, a specialist in computer-related cases, observed a suspicious amount of computer equipment, including multiple hard drives and at least two custom-built computers. One custom-built Antec computer had five hard drives, three configured in a Redundant Array of Independent Disks (RAID). According to Officer Martinetto, it is "very unusual for a personal computer user to have a computer with multiple hard drives and especially to use a RAID system." McCoy told Officer Martinetto he had written a program to remove pornography from his computers, offering to let her view them. Due to the large amount of equipment, the officers did not examine the computers. Based on these suspicions, however, Officer Martinetto received permission from the district court to seize and review any computer equipment in plain sight or voluntarily provided by McCoy.

---

[2] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Officer Martinetto seized the custom-built Antec and three other computers—which contained a total of nine hard drives—and six USB drives. She sent them to a forensic lab for review. McCoy again told Officer Martinetto he used a program to remove pornography from the computers, but added he "might have missed a file."

Using standard forensic techniques to copy the hard drives, Probation Officer Todd Garrett found child pornography on an unformatted drive. Agents obtained a warrant for a complete search of the hard drives. James Fottrell, director of the High Technology Investigative Unit of the U.S. Department of Justice Child Exploitation and Obscenity Section, conducted a full forensic analysis of the computers, discovering 88 child pornography videos on the custom-built Antec. The videos had been loaded, after McCoy's conviction, from the Antec to a handheld RCA media player.

A grand jury indicted McCoy on one count of possessing child pornography. He moved to suppress the evidence seized by Officer Martinetto, arguing it was obtained without consent, probable cause, or a search warrant, and exceeded the scope of his conditions of release. At the suppression hearing, Officer Garrett testified, "There is no one central repository for Internet artifacts on a computer hard drive and the Windows operating system," and that forensic examiners are unable to ascertain the full scope of Internet activity from web-browser activity alone. He explained it would not have been forensically appropriate for Officer Martinetto to examine the computers onsite because she could not "preserve the state and integrity of the original media." The district court denied the motion.

At trial, the only issue was whether McCoy knowingly possessed child pornography. Officer Martinetto testified that McCoy lived alone, acknowledged ownership of the computer equipment, and discussed his computer skills and sophistication. Officer Garrett testified he found the videos in a folder on McCoy's

computer titled "My Documents/My Videos/RCA/RCA_1271_0223." Fottrell testified he found special software for converting child pornography videos to a recognizable RCA media player format. He added that someone transferred them to the RCA player because it was "not something the computer would automatically do." The government introduced recorded calls McCoy made in prison claiming he had removed "everything" from his computer. At the close of the government's case, the district court denied a motion for judgment of acquittal. The jury convicted.

At sentencing, the district court applied the ten-year mandatory minimum for recidivist offenders based on McCoy's conviction for transporting obscene matters in violation of 18 U.S.C. § 1462. The court denied his downward departure motion, sentencing him to 121 months, the bottom of the guidelines range. He appeals the denial of the suppression motion, the sufficiency of the evidence, the application of the mandatory minimum, and the denial of the downward departure motion.

II.

McCoy argues the warrantless search and seizure was unreasonable under the Fourth Amendment. Reviewing a motion to suppress, this court considers factual findings for clear error and legal conclusions de novo. *United States v. Anderson*, 688 F.3d 339, 343 (8th Cir. 2012). This court affirms the denial unless it is "unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made." *United States v. Vanover*, 630 F.3d 1108, 1114 (8th Cir. 2011).

McCoy says: "He was not subject to warrantless searches as a condition of release." To the contrary, the conditions of release say:

> [H]e will be subject to random inspections of his computer's internet and email usage history by the Pre-Trial Services Officer assigned to his

-4-

case, in order to ensure compliance with the parameters of these conditions.

McCoy's conditions of release, which he proposed, expressly authorized the search. *See* **Samson v. California**, 547 U.S. 843, 846 (2006) (holding the government may conduct warrantless, suspicionless searches of parolees).

Also without merit is McCoy's assertion that the search "went well beyond the conditions of release to inspect not only internet or email, but extensive user files." As Officer Garrett testified, it is impossible to evaluate Internet activity based solely on web-browser history. Because "[t]here is no one central repository for Internet artifacts on a computer hard drive and the Windows operating system," a broader examination was necessary.

The search and seizure were reasonable. "When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." **United States v. Knights**, 534 U.S. 112, 121 (2001). Determining reasonable suspicion, a probation officer may consider "the detail and consistency of the information suggesting the presence of contraband . . . [i]nformation provided by the [probationer] which is relevant to whether the [probationer] possesses contraband . . . [and] [t]he experience of a staff member with that [probationer] or in a similar circumstance." **Griffin v. Wisconsin**, 483 U.S. 868, 878-79 (1987) (internal quotations and citations omitted). Officers had reasonable suspicion to seize and search McCoy's computer equipment based on his: (1) prior criminal history; (2) computer sophistication; (3) unusually large number of electronic storage devices; (4) sophisticated RAID array; and (5) statements about erasing pornography from his computers.

The district court properly denied the motion to suppress.

III.

McCoy asserts insufficiency of the evidence. "This court reviews the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Moran*, 612 F.3d 684, 690 (8th Cir. 2010).

The only issue for the jury was whether McCoy knowingly possessed child pornography. Evidence of knowledge included testimony from Officer Garrett and James Fottrell who found child pornography on McCoy's computer. As Fottrell testified, an individual moved the files from the computer to an RCA player. The government also introduced McCoy's statements to Officer Martinetto and his recorded prison calls discussing his attempts to erase child pornography from his computers. This evidence indicates knowledge that the computers contained illegal content. *See United States v. Hill*, 750 F.3d 982, 988 (8th Cir. 2014) (holding a jury could reasonably infer that a defendant's "intentional attempt to delete child pornography files, such as by placing them in [his] computer's recycle bin . . . suggest[ed] he was aware of the files and their contents"), *quoting United States v. Breton*, 740 F.3d 1, 17 (1st Cir. 2014).

The evidence sufficiently supported the jury's verdict. The district court properly denied the motion for judgment of acquittal.

IV.

McCoy contends the district court improperly enhanced his sentence based on a prior conviction. This court reviews de novo the use of prior convictions for sentencing enhancements. *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006).

Recidivist offenders are subject to enhanced penalties under 18 U.S.C. § 2252(b)(2). In 2013, McCoy was convicted of transporting obscene matters in violation of 18 U.S.C. § 1462. This conviction—an enumerated federal offense in Title 18, Chapter 71—triggers the enhanced penalty. As the district court explained:

> The bottom line is that Mr. McCoy was convicted of an offense under Chapter 71, and his conviction was affirmed by the Eleventh Circuit. I therefore am required to follow the statute and apply the mandatory minimum.

McCoy argues the sentencing enhancement is unconstitutional as applied because his Chapter 71 conviction was non-obscene, non-assaultive, and protected by the First Amendment. This argument is without merit. As the Eleventh Circuit held in rejecting his argument that the First Amendment protected his stories:

> Based on our independent review of McCoy's stories, we conclude that they lack serious literary, artistic, political, or scientific value. The stories graphically describe sexual acts, incestuous relationships, molestation, masturbation, sexual abuse, rape, intercourse, violent acts, and arguably the torture and/or murder of very young children. The stories contain tenuous plots at best. Simply put, the stories are precisely the type of "'hard core' pornography" that the Supreme Court has made clear is unprotected under the First Amendment.

***McCoy***, 602 Fed. Appx. at 505, *citing **Miller v. California***, 413 U.S. 15, 29 (1973). The conviction is related to sexual assault and child pornography.

The district court did not err in applying the enhancement required by section 2252(b)(2).

McCoy believes the district court erred in denying his downward departure motion based on his prostate cancer. "Under the advisory guidelines, [this court] generally will not review the district court's refusal to grant a downward departure 'unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure.'" *United States v. Varner*, 678 F.3d 653, 658 (8th Cir. 2012), *quoting United States v. Heath*, 624 F.3d 884, 888 (8th Cir. 2010).

"Guideline § 5H1.4 permits a downward departure based on a defendant's 'extraordinary physical impairment.'" *United States v. Coughlin*, 500 F.3d 813, 818 (8th Cir. 2007). "A departure based on a physical condition is a discouraged ground on which to depart and should be limited to exceptional circumstances." *Id.* An "extraordinary physical impairment," depends on three considerations:

> First, is the particular defendant's physical condition such that he or she would find imprisonment more than the normal hardship? Second, would imprisonment subject him or her to more than the normal inconvenience or danger? Specifically, would imprisonment worsen his or her condition or does he or she require special care not provided by the BOP? Third, does the physical condition have any substantial present effect on the defendant's ability to function?

*Id.*

The district court answered the second and third *Coughlin* questions negatively, finding it unlikely that McCoy would require special care the BOP could not provide or that his physical condition would impair his ability to function. After hearing all the evidence, the district court concluded:

If Mr. McCoy was younger or in better health, I would give him a longer sentence. He is 72 years old and he is suffering from an aggressive form of prostate cancer. He is not likely to survive the 10-year sentence I've imposed. If he does survive, he is not likely to resume his collection of child pornography or pose any other danger to the community.

Under the circumstances, I believe that a sentence of 121 months is sufficient, but not greater than necessary, to accomplish the purposes of Section 3553(a).

The district court had no unconstitutional motive and knew of its authority to grant a downward departure. The court instead chose to sentence McCoy to the bottom of the guidelines range. The district court properly exercised its discretion in denying a downward departure.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____