# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1016

_____

United States of America

*Plaintiff - Appellee*

v.

Junior Emilio Roldan Marin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 20, 2021
Filed: April 20, 2022

_____

Before SMITH, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

In October 2016, Junior Emilio Roldan-Marin pled guilty to domestic abuse assault in violation of Iowa Code §§ 708.2A(1) and 708.2A(2)(c). Roldan-Marin and the victim had resided together in an intimate relationship. After repeatedly punching her, he struck her ankle with a crowbar. A no-contact order was entered.

In December 2018, a neighbor and her co-worker saw Roldan-Marin carrying what "looked like a gun" in front of a residence in Iowa City. Confronted by police, he admitted having a shotgun in the residence, and a small bag of marijuana and a "one-hitter" smoking pipe on his person. Police searched the residence, discovering a shotgun and ammunition.

Roldan-Marin was charged with illegal possession of a firearm under 18 U.S.C. § 922(g). The indictment alleged he fell within three categories of persons prohibited from possessing a firearm: (1) an "unlawful user" of a controlled substance under § 922(g)(3); (2) a person subject to a restraining order involving an intimate partner under § 922(g)(8); and (3) a person previously convicted of a "misdemeanor crime of domestic violence" under § 922(g)(9). The jury convicted, finding him a prohibited person within all three categories. Roldan-Marin filed a post-trial motion requesting acquittal or a new trial. The district court[1] imposed a 66-month sentence and denied the motion.

Roldan-Marin's appeal claims: insufficient evidence he knew he was a prohibited person under any category; the prosecutor violated his right to a fair trial by misstating the presumption of innocence; and his sentence was improperly enhanced because the Iowa assault conviction is not a "crime of violence." Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Firearms and ammunition may not be possessed by any person

> who is subject to a court order that (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; [and] (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person[.]

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa, now retired.

**18 U.S.C.A. § 922(g)(8)** (alterations added). The government must prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). According to Roldan-Marin, there was insufficient evidence he possessed a firearm while knowingly subject to a no-contact order involving an intimate partner that was issued after a hearing where he had the opportunity to participate. This court reviews the sufficiency of the evidence de novo, examining the record most favorably to the verdict and allowing the government all reasonable inferences from the evidence. *United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008).

Roldan-Marin first argues that the government did not prove he and the victim were intimate partners. An "individual . . . who cohabitates or has cohabited with the person" is an "intimate partner." **18 U.S.C. § 921(a)(32)**. The Iowa assault complaint—in evidence here—alleged that Roldan-Marin and the victim resided together. Also in evidence is the no-contact order itself, with the state judge's finding that Roldan-Marin and the victim met the federal definition of intimate partners. This was sufficient evidence of an intimate partnership.

Second, Roldan-Marin argues that the government failed to present evidence that the no-contact order was issued after a hearing where he had an opportunity to participate. This argument, not raised before the district court, is reviewed for plain error. *See **Davis v. United States***, 140 S. Ct. 1060, 1061 (2020) ("When a criminal defendant fails to raise an argument in the district court, an appellate court ordinarily may review the issue only for plain error."), *citing* **Fed. Rule Crim. Proc. 52(b)**. *See also **United States v. Kaspereit***, 994 F.3d 1202, 1211 (10th Cir. 2021) (reviewing, for plain error, defendant's argument that "the jury had insufficient evidence to find he had an opportunity to participate in a hearing on the protective order"). The no-contact order here was issued as part of the judgment agreed to by Roldan-Marin in his guilty plea. Roldan-Marin does not dispute that a sentencing hearing occurred. Instead, citing *United States v. Bramer*, 956 F.3d 91, 98 (2d Cir. 2020), he claims insufficient evidence he "understood that he was permitted to interpose objections or make an argument as to why an order of protection should

not be imposed" at that hearing. But unlike Bramer, Roldan-Marin was represented by counsel. Under these circumstances, *Bramer*—where a no-contact order was issued after arraignment of a defendant not represented by counsel—actually supports finding an opportunity to participate. *See **Bramer***, 956 F.3d at 98 ("Where counsel is present on behalf of the defendant, absent a direct order from the court prohibiting him or her from speaking, counsel would understand that attorneys do not need an explicit invitation to object or speak on behalf of their clients."). The jury had sufficient evidence for this "minimal" requirement. *See **United States v. Young***, 458 F.3d 998, 1009 (9th Cir. 2006) ("Joining the Fifth and Seventh Circuits, we agree that the plain text of the statute indicates that the 'opportunity to participate' requirement is a minimal one."). *See also **United States v. Boyd***, 999 F.3d 171, 181 (3d Cir. 2021); ***Kaspereit***, 994 F.3d at 1212 n.6. There is no plain error about Roldan-Marin's opportunity to participate.

Third, Roldan-Marin argues that, because the no-contact order could be "modified, terminated, or extended by further written order of the court," the government was required to prove it was still in effect when he possessed the firearm. To the contrary, Iowa presumes that a no-contact order "has force and effect until it is modified or terminated by subsequent court action." **Iowa Code § 664A.3(3)**. In Iowa, the absence of a record can prove the nonoccurrence of an act or event, here the nonoccurrence of any modification or termination of the no-contact order. **Iowa Code § 622.28(2)**. Moreover, "the law generally frowns on requiring a party to prove a negative." ***United States v. Ollie***, 442 F.3d 1135, 1143 (8th Cir. 2006). *See **Rogers v. United States***, 367 F.2d 998, 1000 (8th Cir. 1966) (rejecting argument that the government was required to present evidence that defendant did not have a permit to sell wild ducks and geese) ("It was not necessary for the government to prove a negative. The Supreme Court, when faced with a similar evidentiary problem in a criminal prosecution, recognized that: 'The general principle, and we think the correct one, is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which, if untrue, could be readily disproved by the production of documents or other evidence probably within the

defendant's possession or control.'"), *quoting **Rossi v. United States***, 289 U.S. 89, 91-92 (1933).

Fourth, Roldan-Marin stresses that, before his arrest for possessing the shotgun and ammunition, he received a discharge-from-probation order saying he would "no longer be held to answer for this crime." He asserts he reasonably believed that the no-contact order was no longer in effect, and that he expressed that belief to officers when arrested. However, Roldan-Marin's guilty plea—as well as the state court order accepting his guilty plea and entering judgment—made clear that the no-contact order would "remain in effect" after his term of probation ended. As the district court ruled, these documents "plainly stated that Roldan Marin would be on supervised probation for a period of three years and the no contact order would be extended for a period of five years. The documents made clear that the timeframes for probation and the no contact order were never the same."

Viewed most favorably to the verdict, the evidence was sufficient to find that Roldan-Marin possessed a firearm with knowledge that he was subject to a no-contact order involving an intimate partner, in violation of § 922(g)(8).[2]

## II.

Roldan-Marin alleges prosecutorial misconduct. To obtain a reversal, he must show that the prosecutor made improper remarks that prejudiced his rights in obtaining a fair trial. ***United States v. Crumley***, 528 F.3d 1053, 1064 (8th Cir. 2008). For prejudice, this court looks to (1) the cumulative effect of the improprieties, (2) the strength of the evidence against the defendant, and (3) whether the district court took any curative action. ***United States v. Darden***, 688 F.3d 382, 388 (8th Cir.

---

[2]Since Roldan-Marin's conviction can be sustained on any one of the § 922(g) categories, this court need not address whether there was insufficient evidence he knew he was a prohibited person under §§ 922(g)(3) and 922(g)(9); whether the term "unlawful user" in § 922(g)(3) is unconstitutionally vague; and whether his Iowa assault conviction is a "misdemeanor crime of domestic violence" under § 922(g)(9).

2012). When, as here, a defendant did not object to the improper remarks, "we review only for plain error and reverse only under exceptional circumstances." *Id.* Under plain error review, a defendant must demonstrate "a reasonable probability that the outcome would have been different absent the alleged error." *Id.* at 388-89.

In closing argument at trial, the prosecutor said:

The first thing I want to touch on is what [defense counsel] ended with, that we are back to where we started yesterday with the presumption of innocence. That's entirely incorrect. You have had a day's worth of evidence that has shown that Mr. Roldan Marin committed this offense.

We're not back to where we were yesterday that there was no evidence yet presented. The presumption of innocence only applies as long as you have not heard evidence proving his guilt. Today we are in a much different position because you have heard that evidence.

These remarks were improper. In a similar case, the prosecutor told the jury that the presumption of innocence had been "removed" and was no longer "protecting and shielding" the defendant. *Kellogg v. Skon*, 176 F.3d 447, 451 (8th Cir. 1999). "This statement was improper, a misstatement of law. The presumption remains with the defendant through every stage of the trial, most importantly, the jury's deliberations. It is extinguished only upon the jury's determination of guilt beyond a reasonable doubt." *Id. See United States v. Grassrope*, 342 F.3d 866, 870 (8th Cir. 2003) ("As any federal prosecutor ought to realize, the presumption of innocence abides with a criminal defendant throughout his trial."); *Crumley*, 528 F.3d at 1065 (prosecutor's remark that the presumption of innocence "can be removed by fact, by proof" was improper).

Roldan-Marin, however, has not shown that the improper remarks prejudiced his rights in obtaining a fair trial. All three factors support this conclusion. First, because Roldan-Marin challenges a single remark by the prosecutor, there was no "cumulative effect" of impropriety. *See United States v. Hernandez*, 779 F.2d 456, 460 (8th Cir. 1985) ("[O]n appeal defendant raises only the single remark made

during the opening statement. Thus, there is no 'cumulative effect' problem in this case.") (alteration added). *See also* **United States v. Kopecky**, 891 F.3d 340, 343 (8th Cir. 2018) (no cumulative effect where challenged remarks "constituted a single, short, isolated exchange in the context of a several-day trial").

Second, the evidence against Roldan-Marin was strong. A firearm he admitted possessing was found in his home while he was subject to a court order involving an intimate partner. The order was served on him by law enforcement and explained to him by his attorney. The order plainly stated it would be in effect for five years—two years longer than his probationary period. He presented no evidence that the court order was modified or terminated. In light of this evidence, "the improper remarks could not reasonably have affected the jury's verdict." **Grassrope**, 342 F.3d at 871. *See also* **Darden**, 688 F.3d at 390 ("Even though these rebuttal remarks were improper, our review in this case is only for plain error . . . . Darden must therefore demonstrate a reasonable probability that the outcome would have been different absent the alleged error. Considering the record as a whole, we conclude Darden cannot meet this standard because of . . . the large amount of evidence supporting Darden's convictions." (citation omitted)).

Third, the district court took curative action. It instructed the jury:

> The presumption of innocence alone is sufficient to find a defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the particular crime charged. There is no burden upon a defendant to prove that he is innocent.

The district court also instructed jurors not to accept contradictory statements by the parties: "Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the instructions." Jury instructions like these cured misstatements

about the presumption of innocence in the *Crumley*,[3] *Kellogg*,[4] and *Grassrope*[5] cases.

All three prejudice factors weigh against Roldan-Marin. Here, on plain error review, no "exceptional circumstances" warrant reversal.

III.

Roldan-Marin also challenges his sentence. He argues the district court erred by increasing his base offense level because his Iowa assault conviction was not a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A).

---

[3]*Crumley*, 528 F.3d at 1065-66 (on plain error review) ("[In *Kellogg*,] we held that the improper statement was not grounds for reversal because the district court remedied the error by giving a proper instruction, following closing arguments. Likewise, in this case, before submitting it to the jury, the district court gave a proper instruction with regard to Myers's and Crumley's rights: 'You know that the law presumes each defendant, and I instruct you that each defendant must be presumed to be innocent of the crime charged . . . . The presumption of innocence alone is therefore sufficient to acquit a defendant.' Moreover, Crumley's attorney reminded jurors at the start of his closing argument that 'regardless what the prosecutor has shown you on his machine here as what the law is, it's the judge's instructions that are the law you are to follow.' The court's proper instruction of the law, enhanced by defense counsel's statement, cured the prosecutor's improper statement. Consequently, the error does not require reversal." (alteration added)).

[4]*Kellogg*, 176 F.3d at 451.

[5]*Grassrope*, 342 F.3d at 871 ("Given after the closing arguments, the instructions themselves were without error. They clearly instructed that the presumption of innocence alone is sufficient to find the defendant not guilty, that the presumption of innocence can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crimes charged, and that the defendant has no burden to prove innocence.").

Even if Roldan-Marin were correct, any base-offense miscalculation was harmless error. "Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." *United States v. Straw*, 616 F.3d 737, 742 (8th Cir. 2010). Here, the district court stated:

> The sentence imposed here is the same sentence regardless of how the guideline issues were resolved. As I said earlier, the importance of the enhancement to the base offense level is to punish people more severely for possessing a firearm if they've done so after committing a crime of violence. Regardless of the analysis that we now go through pursuant to the Supreme Court and precedent to determine this term, crime of violence, end quote, there is no question but that he has engaged in the kind of violent behavior that makes it more undesirable for him to possess a firearm, and for that reason the Court would have imposed the same sentence regardless of how the guideline issues were resolved.

Roldan-Marin responds that allowing a district court to rely on a prior conviction that may not qualify as a crime of violence under U.S.S.G. § 2K2.1(a) defeats the purpose of the categorical approach. However, "[w]e have consistently rejected this type of argument." *Id.* at 744 (alteration added) (rejecting defendant's argument that upward variance was unjustified because the guidelines already "contemplated all the aggravating factors"). This court has "stated repeatedly that factors that have already been taken into account in calculating the advisory guidelines range can nevertheless form the basis of a variance." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018).

This court affirms sentences where the district court considers a past conviction relevant under the factors listed in 18 U.S.C. § 3553(a), even if the conviction is not a "crime of violence" under U.S.S.G. § 2K2.1(a). For instance, in *United States v. Thibeaux*, 784 F.3d 1221 (8th Cir. 2015), the defendant and the government agreed that, because the defendant's prior felon-in-possession offense was not a "crime of violence," the district court incorrectly applied a § 2K2.1(a) enhancement. *Thibeaux*, 784 F.3d at 1227. However, the district court made clear

that, even if the enhancement did not apply, "my sentence would still be the same in this case under the 18 U.S.C. § 3553(a) analysis." *Id.* This court affirmed:

> Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence. The § 3553(a) factors the district court emphasized were Thibeaux's substantial criminal history over an extensive period of time, and the fact that in serving every previous felony conviction his probation, parole, or supervised release had been revoked, showing a lack of respect for the law and the need for a longer sentence to deter further criminal activity. The court clearly identified the contested crime-of-violence issue and adequately explained its overall sentence applying 18 U.S.C. § 3553(a). Therefore, the procedural error was harmless.

*Thibeaux*, 784 F.3d at 1227 (citations omitted).

Here, the district court stated, "In fashioning an appropriate sentence, I have considered each of the factors found in Title 18, United States Code section 3553(a), which means I have considered the nature and circumstances of the offense as well as the history and characteristics of the defendant." The court continued considering: Roldan-Marin's criminal history (that "went on for pages"), the recency of his last conviction, his behavior in jail, the need for adequate deterrence to criminal conduct, the need to protect the public from further crimes, the need to promote respect for the law, and the need to avoid unwarranted sentencing disparity. Finally, the court stated it looked to the sentencing guidelines "as an important, though not in any way controlling, factor to be considered." This "detailed explanation for the sentence imposed makes clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *United States v. Dace*, 842 F.3d 1067, 1069 (8th Cir. 2016). *See also United States v. Drew*, 9 F.4th 718, 725-26 (8th Cir. 2021) (affirming upward variance where the district court "considered the § 3553(a) factors" and "mentioned Drew's earlier in-custody conduct[,] his criminal history, the timing of the felon-in-possession offense[,] the need for respect for the law, and public safety" (alterations added)).

The increase to Roldan-Marin's base offense level under § 2K2.1(a), if error at all, was harmless.

* * * * * * *

The judgment is affirmed.

_____