# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2283
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Rogers Kihn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 10, 2023
Filed: April 26, 2023
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Daniel Kihn pleaded guilty to conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to commit money laundering, *see* 18 U.S.C. § 1956(a)(1), (h). With a total offense level of 43 and a criminal-history category of VI, Kihn's advisory sentencing guidelines range was life imprisonment.

Citing his numerous cardiac and respiratory issues, Kihn urged the district court[1] to depart downward under U.S.S.G. § 5H1.4, which permits a downward departure based on a defendant's "extraordinary physical impairment." The district court denied Kihn's request but nonetheless varied downward and sentenced him to 300 months' imprisonment. Noting the seriousness of Kihn's offenses, the court clarified that it would have imposed the same sentence even if it had granted Kihn's request for a downward departure. Kihn appeals, arguing that the district court erred in denying his request.

Kihn contends that we may review the district court's decision not to depart downward under § 5H1.4. *But see United States v. McCoy*, 847 F.3d 601, 607 (8th Cir. 2017) (explaining that we "generally will not review the district court's refusal to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure" (internal quotation marks omitted)). Even assuming that we may review the decision, any error would be harmless. *See* Fed. R. Crim. P. 52(a). "Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." *United States v. Marin*, 31 F.4th 1049, 1056 (8th Cir. 2022). That happened here: though the district court denied Kihn's request for a downward departure, the court varied downward from life imprisonment to 300 months and stated that it would have imposed the same sentence even if it had granted Kihn's request for a downward departure.

Accordingly, we affirm Kihn's sentence.

_____

[1]The Honorable Julie A. Robinson, United States District Judge for the District of Kansas, sitting by designation.