# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2957
_____

United States of America

*Plaintiff - Appellee*

v.

Devin Delbert Donald Blom

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 15, 2023
Filed: February 14, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Defendant Devin Delbert Donald Blom conditionally pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He reserved his right to challenge an initial warrantless search and a later search warrant affidavit. Because the initial warrantless search was reasonable in light of

his express waiver of rights as a state of Minnesota parolee, and because the later warrant affidavit amply demonstrated probable cause, we affirm.

While imprisoned by the State of Minnesota for a drug offense, Mr. Blom participated in a voluntary program entitled the "Challenge Incarceration Program." The program has two phases: activities during a period of incarceration followed by a parole period of intense supervision. When Minnesota released Mr. Blom from incarceration for the supervised parole phase of his program, he signed an acknowledgment form detailing his conditions of release and acknowledging his consent to "any unannounced visits or searches . . . of the offender's person, residence, possessions, cell phone, vehicle, or premises."

During Mr. Blom's parole, police officers and his probation officer received information suggesting he was trafficking methamphetamine. The probation officer had personal knowledge as to Mr. Blom's residence and the vehicles he typically used. The officers searched Mr. Blom's home while Mr. Blom was present. They found methamphetamine in a purse and marijuana in a cup. Mr. Blom's wife, who was also on state parole, arrived home during the search and was arrested based on what they had found. She was carrying more than $70,000 cash in a purse. Outside the residence, a drug dog alerted to a truck that officers knew Mr. Blom used.

Based on this information, officers decided to seek a warrant before continuing their search. In the search warrant affidavit, an officer described the above facts but did not provide details as to how much methamphetamine was found in the first purse or precisely where in the residence it had been located. A state judge issued a warrant. A resulting search of the truck where the dog had alerted revealed a scale and approximately eleven pounds of methamphetamine, nine pounds of marijuana, and 140 THC vape cartridges.

Mr. Blom moved to suppress all the evidence arguing the initial warrantless search was unreasonable and the later-obtained warrant was unsupported by probable cause. He also moved for a hearing pursuant to *Franks v. Delaware*, 438

-2-

U.S. 154 (1978), arguing the omission of details in the warrant affidavit defeated probable cause. The district court[1] denied the motions.

We review the district court's legal conclusions de novo and underlying factual determinations for clear error. *See United States v. Juneau*, 73 F.4th 607, 614 (8th Cir. 2023). We review the denial of a *Franks* hearing for abuse of discretion. *See United States v. Patterson*, 68 F.4th 402, 414 (8th Cir. 2023).

A warrantless search within the scope of a known parole condition is generally reasonable under the Fourth Amendment. *See Samson v. California*, 547 U.S. 843, 852 (2006) (stating that society does not recognize as legitimate an offender's asserted expectation of privacy if it contradicts the plain terms of a parole condition); *see also United States v. McCoy*, 847 F.3d 601, 605 (8th Cir. 2017) (warrantless search of a Minnesota parolee's computer was not unreasonable in light of the parolee's acknowledged search condition). To counter this well-established rule, Mr. Blom argues that his signed acknowledgment failed to show he knew of the condition because the search condition appeared on the second page whereas his signature was on the first page. He also argues that even if he had been aware of the search condition on his parole, the initial search in this case exceeded the scope of the condition and otherwise fell outside the scope of his retained Fourth Amendment expectations of privacy.

We reject his arguments. The district court did not clearly err in finding Mr. Blom's signed acknowledgment extended to the search condition on his parole. And nothing about the present search sets it apart from searches approved in *Samson* and other similar cases. The parole officer was familiar with Mr. Blom's residence and vehicles, and the search did not extend beyond these areas. *See, e.g.*, *United States v. Thabit*, 56 F.4th 1145, 1152 (8th Cir. 2023) ("[T]he waiver signed by parolees allowing searches of their residence nullifies any need for law enforcement to

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota.

develop a *reason* to search.  They simply must possess probable cause that the parolee actually resides at the search location.")

Regarding the later search, the affidavit, and the denial of a *Franks* hearing, any omission of information from the affidavit failed to detract from the overwhelming evidence and clear existence of probable cause.  *See United States v. Johnson*, 75 F.4th 833, 841 (8th Cir. 2023) (intentionally false or omitted information must be material to the probable cause determination to merit relief). As such, denial of the *Franks* hearing involved no abuse of discretion.[2]

We affirm the well-reasoned judgment of the district court.

_____

---

[2]In addressing the issues as framed by Mr. Blom, we make no comment as to (1) the underlying necessity of the search warrant in this case in light of the parole condition, or (2) the sufficiency of an extensive suppression hearing to serve, in effect, as a *Franks* hearing.  *See, e.g.*, *Johnson*, 75 F.4th at 841 n.4.