# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1294
_____

United States of America

*Plaintiff - Appellee*

v.

Dontavius Rashaun Sharkey, also known as Dontavius Rashawn Sharkey, also known as Dontavius Rashown Sharkey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 16, 2025
Filed: March 12, 2025
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Dontavius R. Sharkey of, as relevant here, two counts of felon in possession of a firearm and two counts of a straw-purchasing conspiracy in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), 932(b)(1), and 932(c)(1). The district

court[1] sentenced Sharkey to 360 months. He appeals his conviction and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Sharkey argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as-applied to him. He contends that the felon-in-possession charges were unconstitutional as-applied because his prior felony was nonviolent. He adds that the straw-purchasing-conspiracy charges were unconstitutional as-applied because they rested on the prohibition from possessing a firearm as a felon. This court's precedent forecloses these arguments. *See United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (holding post-*Rahimi* that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

Sharkey challenges the use of acquitted conduct to increase his Guidelines range and enhance his sentence. The district court found Sharkey's acquitted conduct proven by a preponderance of the evidence: "I find by a preponderance of the evidence that the Government established that Defendant was the person who fired 24 rounds from a machinegun and another weapon into a crowd of people."

This challenge is contrary to longstanding precedent. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (holding "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); *United States v. Bullock*, 35 F.4th 666, 671 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 2691 (2023) (holding "reliance on acquitted conduct to depart upward did not violate [defendant's] Fifth and Sixth Amendment rights").

Nor was the court required to apply proposed amendments to the Sentencing Guidelines that would prohibit consideration of acquitted conduct. *See United States v. Lawin*, 779 F.3d 780, 781 (8th Cir. 2015) ("Our case law on this issue is

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

clear: The district court was not required to consider the pending guidelines amendment. Consideration of the pending amendment is merely permissible, not required." (cleaned up)).

Moreover, the district court stated that: "even without [the acquitted conduct], this sentence would be appropriate." "Any error resulting from an incorrect calculation of the Guidelines is harmless when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." *United States v. Holmes*, 87 F.4th 910, 914 (8th Cir. 2023) (cleaned up).

Sharkey contests the procedural and substantive reasonableness of his sentence. Procedurally, Sharkey objects to the "in connection" and "role adjustment" enhancements applied to his Guidelines range. *See* **U.S.S.G. § 2K2.1(b)(6)(B)** (providing a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense"); **§ 3B1.1(c)** (providing a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity"). *See generally **United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range . . . selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" (*quoting **Gall v. United States***, 552 U.S. 38, 51 (2007))). "This court reviews the district court's interpretation and application of the guidelines de novo, and its factual findings for clear error." *United States v. Burnette*, 518 F.3d 942, 945 (8th Cir. 2008).

Based on the evidence, the district court did not clearly err by finding Sharkey committed the acquitted conduct by a preponderance of the evidence. ("I find by a preponderance of the evidence that the Government established that Defendant was the person who fired 24 rounds from a machinegun and another weapon into a crowd of people.") Nor did it err by finding Sharkey directed a co-conspirator to purchase a gun on his behalf. ("This evidence established by a preponderance of the evidence

-3-

that the defendant recruited, directed, and controlled . . . [M.M.'s] involvement in the straw purchase of multiple weapons on his behalf and at his direction.")

Substantively, Sharkey challenges the above-range 360-month sentence (the range was 262 to 327 months). This court reviews substantive reasonableness for an abuse of discretion. *United States v. Petersen*, 22 F.4th 805, 807 (8th Cir. 2022). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (cleaned up). It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464.

The district court considered Sharkey's conduct—including the acquitted conduct proved by a preponderance of the evidence—and concluded he was "too dangerous to have in the community any longer." *See United States v. May*, 70 F.4th 1064, 1073 (8th Cir. 2023) ("[A] sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."). The upward variance was not an abuse of discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-4-