United States Court of Appeals

For the Eighth Circuit

_____

No. 24-2338
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Paul Cantu

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 21, 2025
Filed: April 18, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Kevin Cantu was charged with one count of being a prohibited person in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), (g)(9), and 924(a)(8), and one count of possession of a firearm with an obliterated serial number, *see id.* §§ 922(k) and 924(a)(1)(B). Cantu moved to dismiss both counts, arguing that the underlying

statutes violate his Second Amendment right to possess firearms. The district court[1] denied his motion to dismiss. Cantu then entered into a plea agreement in which he pleaded guilty to the prohibited person in possession of a firearm count in exchange for the Government's agreement to dismiss the obliterated serial number count. In the plea agreement, Cantu reserved his right to appeal the denial of his motion to dismiss.

On appeal, Cantu reiterates his argument that the statutes underlying the counts violate the Second Amendment following the Supreme Court's recent decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). We review this argument *de novo*. *United States v. Hoeft*, 128 F.4th 917, 921 (8th Cir. 2025).

We first dispense with Cantu's challenge to the second count. He argues that § 922(k), which prohibits the possession of a firearm with an obliterated serial number, is unconstitutional. However, the Government agreed to dismiss the § 922(k) count as part of the plea agreement, so Cantu's challenge is moot. *See United States v. Askia*, 893 F.3d 1110, 1122 (8th Cir. 2018) (holding that if "an intervening circumstance deprives the [litigant] of a personal stake in the outcome" such that resolution of an issue on appeal would no longer have any "direct consequence" on the litigant, the issue is moot) (internal quotations omitted). Accordingly, we do not address the merits of Cantu's § 922(k) challenge.

We now turn to the first count, which charged Cantu with violating both § 922(g)(1), which prohibits convicted felons from possessing firearms, and also (g)(9), which prohibits individuals convicted of misdemeanor domestic violence from possessing firearms. In *United States v. Jackson*, we held that § 922(g)(1) is facially constitutional under the Supreme Court's Second Amendment jurisprudence, including *Bruen* and *Rahimi*. 110 F.4th 1120, 1125 (8th Cir. 2024).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

We also rejected attempts at "felony-by-felony litigation" challenging the statute's constitutionality as applied to individual felons. *Id.*; *see also United States v. Sharkey*, 131 F.4th 621, 622 (8th Cir. 2025) (noting that *Jackson* forecloses both facial and as-applied challenges to § 922(g)(1)). Cantu acknowledges that his interpretation of *Bruen* and *Rahimi* conflicts with *Jackson* and urges us to overturn that decision. However, we are bound by *Jackson* unless and until an *en banc* panel of our court overturns it or the Supreme Court issues a decision inconsistent with it. *See United States v. Flynn*, 969 F.3d 873, 882 (8th Cir. 2020).

We need not consider the constitutionality of § 922(g)(9), which is charged in the same count as (g)(1). *See Hoeft*, 128 F.4th at 921 (having upheld a § 922(g)(1) conviction under *Jackson*, declining to consider the defendant's challenge to (g)(9)); *see also United States v. Marin*, 31 F.4th 1049, 1054 n.2 (8th Cir. 2022) (stating that when a defendant's "conviction can be sustained on any one of the § 922(g) categories, this court need not address" whether the conviction can also be sustained under a different § 922(g) category).

We affirm the judgment of the district court.

_____